SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Zhuang Li Zheng, pro se, petitions for review of the April 2004 order affirming an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. U.S. Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005) (per curiam).
Substantial evidence supports the IJ’s determination that Zheng’s testimony and written application were not sufficiently “believable and consistent” to stand as adequate support for her claim. The IJ accurately observed that Zheng’s statements during her airport interview were inconsistent with her written application, because Zheng completely omitted her fear of persecution in China due to the coercive family planning policy from her airport statement. The IJ properly considered that there were no errors in the statement with respect to biographical information to indicate that Zheng misunderstood the questions due to language difficulties, and the airport statement otherwise complied with the standard set forth in Ramsameachire v. Ashcroft, 357 F.3d 169, 179-80 (2d Cir. 2004) (listing factors an IJ should consider before using the airport interview to assess petitioner’s credibility). Thus, the IJ was entitled to rely on the airport interview, and properly deemed Zheng’s explanation for the omission, that the interpreter did not read the statement back to her, “unfounded,” because Zheng had signed each page of the statement. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005) (emphasizing that an IJ is not required to credit an applicant’s explanations even if they appear plausible on a cold record, but is required to take the explanations into account).
In addition, the IJ appropriately faulted Zheng’s application for deficiencies in her testimony. The transcript reveals that in her direct examination, when questioned *405 about when she had gone to her mother’s home, Zheng often did not answer the question directly, and appeared to be uncertain about the timing of and length of her stays at her mother’s home.
Further, the record supports the LFs finding that Zheng’s documentation was insufficient and inconsistent with her claim. Because one of the main bases of Zheng’s claim is that the birth control officials forced her to undergo an IUD insertion, it was reasonable for the IJ to expect Zheng to provide corroborative evidence, such as a gynecological check up booklet, IUD certificate, or other medical record, especially after petitioner testified that the IUD dropped out of her body while she was taking a shower, but that she did not have proof of this because she had not been aware that it dropped out at the time that it did. Additionally, the IJ accurately observed that the listing of Zheng’s daughter in the household registration booklet, the issuance of a birth certificate from the hospital where Zheng’s daughter was born, and the traffic accident summons identifying the father of Zheng’s daughter as Zheng’s husband, contradicted Zheng’s claim that her daughter’s birth was unlawful.
Because the IJ properly denied Zheng’s asylum application, she properly denied Zheng’s application for withholding of removal, which requires satisfaction of a higher burden of proof. Although Zheng submitted an Amnesty International report on the use of torture by family planning officials, because Zheng’s CAT claim shared the same factual premise as her asylum and withholding claims, and Zheng failed to set forth facts to show that it was more likely than not that she would be tortured if returned to China, the IJ correctly denied Zheng relief under the CAT.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).